UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EDGAR SAIZAN, JR.

VERSUS

POINT COUPEE PARISH SCHOOL BOARD, ET AL

CIVIL ACTION

No. 01-628-JJB

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment (doc. 54) filed by Plaintiff Edgar Saizan, Jr. Defendants have filed opposition. Also before the Court is a Cross Motion for Summary Judgment (doc. 57) filed by Defendants, Pointe Coupee Parish School Board , Wilbert Joseph, and Michael Mandell. Plaintiff has not filed opposition. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Court will GRANT Defendants' Cross Motion for Summary Judgment (doc. 57) and DENY AS MOOT Plaintiff's Motion for Summary Judgment (doc. 54).

## Background

On August 3, 2001, Plaintiff filed a Complaint in this Court (Civil Action No. 01-628) ("Action #2), alleging violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Specifically, Plaintiff claimed that the Defendants retaliated against him, discriminated against him, and subjected him to disparate treatment. In addition to damages, Plaintiff requested a trial by jury and all general and equitable relief.

1

Less than a year earlier, on October 11, 2000, Plaintiff filed the identical Complaint in this Court as was filed in another action, Civil Action No. 00-765 ("Action 1"). In Action #1, Plaintiff alleged the same causes of action and requested the same form of relief.

On May 11, 2001, this Court dismissed Action #1 for failure of Plaintiff's counsel to "obey the orders of the Court."[1] In its ruling dismissing Action #1, the Court noted that Plaintiff's counsel had failed to appear at a scheduling conference and a hearing to show cause in early 2001. The Court also noted that Plaintiff had failed to serve Defendants properly and had failed to perfect service after being instructed to do so by the Court. However, the Court did not indicate whether such dismissal was with or without prejudice.

Now before the Court is Plaintiff's Motion for Summary Judgment on the merits. Also before the Court is Defendants' Cross Motion for Summary Judgment. Defendants argue that, given the aforementioned dismissal, res judicata bars Plaintiff from bringing Action #2 in this Court.

### Standard of Review

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks

---

[1] *See* Ruling (doc. No. 14) in Civil Action No. 00-765-C.

sufficient evidentiary support for the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant may do this by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although this Court considers the evidence in the light most favorable to the non-movant, the non-movant may not merely rest on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden. *Grimes v. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If once the non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex*, 477 U.S. at 322.

## **Discussion**

In Plaintiff's Motion for Summary Judgment, Plaintiff claims that while employed by the Point Coupee Parish school system during the years 1999 through 2000, Defendants retaliated against him, discriminated against him, and subjected him to disparate treatment in violation of federal law.

In Defendants' Cross Motion for Summary Judgment, Defendants assert that res judicata bars Plaintiff from bringing Action #2. Because Defendants res judicata claim would procedurally bar Action #2, the Court will consider Defendants' Cross Motion for Summary Judgment first.

3

In *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478 (5th Cir. 1981), the United States Court of Appeals for the Fifth Circuit set forth requirements for application of res judicata: (1) a prior judgment must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) the parties must be identical in both suits; and (4) the same cause of action must be involved in both suits.

Applying these requirements to the instant case, it is undisputed that the plaintiff meets prongs one, three and four of the res judicata defense. In Action #1, Plaintiff brought federal claims under pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Therefore, the Court had subject matter jurisdiction under 28 U.S.C. § 1331. The Court's personal jurisdiction has not been disputed. Prongs three and four are satisfied as well. Plaintiff's complaints in Action #1 and Action #2 are completely identical. Therefore, the parties and the causes of action are identical in both suits. Thus, the only issue that remains is whether the May 11, 2001 dismissal operated as a "final adjudication on the merits."

Defendants argue that the Court's dismissal of Action #1 operates as a final adjudication on the merits and should be viewed as a dismissal with prejudice. Specifically, Defendants contend that dismissals pursuant to Rule 41(b) on the grounds of failure to prosecute or failure to comply with court orders have preclusive effects unless the Court indicates otherwise. The Court agrees.

In *Nagle v. Lee*, 807 F.2d 435, 442 (5th Cir. 1987), the plaintiff Charles Nagle filed a civil rights suit against Jefferson Parish Sheriff Harry Lee, Deputy

4

Sheriffs "John Doe" and "John Smith," and ABC Insurance Co., their alleged insurer. Nagle claimed that officers of the Jefferson Parish Sherriff's Office physically and verbally abused him and that Sherriff Lee knew that the named officers were prone to acts of violence. *Id.* at 437. The district court subsequently dismissed Nagle's suit on the grounds of failure to prosecute but did not specify whether the dismissal was with or without prejudice.

That same day, Nagle instituted a second suit in which he alleged the identical claims. However, in the second suit Nagle substituted as defendants Deputy Patricia Laura for "Doe" and Lt. Clifford Montecino for "Smith" and added as defendants a new "John Doe," the State of Louisiana, and Jefferson Parish. *Id.* at 437. The district court dismissed the second suit on the grounds that its prior dismissal for failure to prosecute constituted a dismissal on the merits under Rule 41(b). In addition, the court found that the dismissal was with prejudice because the court in the previous case had not specified otherwise.

Nagle appealed, contending that court should not have applied the doctrine of res judicata to bar his second suit because " the first dismissal was not a final order for purposes of res judicata; [and] the first dismissal, even if final, was not with prejudice" *Id.* at 439.

On appeal, the Fifth Circuit found that the dismissal was improper with reference to Deputy Patrica Laura and Lt. Clifford Montecino because they were not a party to the first action. With respect to Sheriff Lee, however, the court held that the first dismissal could properly serve as the predicate under the doctrine of

res judicata for the dismissal of Nagle's second suit against him. In reaching its holding, the court observed that (1) it had jurisdiction to render the prior judgment against Nagle; (2) there had been a dismissal in the prior suit; (3) Sheriff Lee was a named defendant in both suits; and (4) the two complaints arose out of the same factual transaction and sought the same relief. On these grounds, the court found that the dismissal of Nagle's first suit against Sheriff Lee operated as a final judgment on the merits.

As demonstrated by *Nagle*, Rule 41(b) makes it clear that unless the Court indicates otherwise, an involuntary dismissal of a complaint based on a plaintiff's failure to prosecute his claim or to comply with a court order operates as an adjudication on the merits.[2]

Turning to the facts of this case, this Court dismissed Action #1 on May 11, 2001 for failure to prosecute and failure to obey court orders and did not specify that the dismissal was without prejudice. As such, the Court finds that the May 11, 2001 dismissal issued in Civil Action No. 00-765-C operates as a final adjudication on the merits, thus satisfying the third prong of the res judicata defense. *See Nagle*, 807 F.2d at 442.

---

[2] Federal Rule of Civil Procedure 41(b) states:

> Involuntary Dismissal: Effect Thereof: For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim again the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Because there has been a final adjudication on the merits in Plaintiff's case that has involved the same parties and the same causes of action, all prongs of the res judicata defense have been fully satisfied. *See Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d at 478. As such, the Court finds that granting Defendants' Motion for Summary Judgment on the basis of res judicata is proper. Having found that res judicata bars Plaintiff from bringing suit in this Court, it is not necessary to address the propriety of Plaintiff's Motion for Summary Judgment.

## **Conclusion**

Accordingly, it is hereby ordered that Defendants Pointe Coupee Parish School Board, Wilbert Joseph, and Michael Mandell's Motion (doc. 57) for Summary Judgment is GRANTED. In addition, it is hereby ordered that Plaintiff's Motion (doc. 54) for Summary Judgment is DENIED.

Signed in Baton Rouge, Louisiana, on August 12, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**